IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROUTE GUIDANCE SYSTEMS LLC, *Plaintiff*, v. SALESFORCE.COM, INC., *Defendant*. | Case No. 1:22-cv-02279 Honorable Manish S. Shah |

**JOINT STATUS REPORT REGARDING THE USPTO PROCEEDINGS**

This is a patent infringement action involving one patent asserted by Route Guidance Systems LLC ("RGS") against Salesforce.com, Inc. ("Salesforce"): U.S. Patent No. 6,917,876 (the "'876 Patent"). Pursuant to the Court's Minute Entry (Dkt. No. 44), dated January 8, 2024, RGS and Salesforce submit this Joint Status Report.

On November 15, 2022, the parties notified the Court that the USPTO found a substantial new question of patentability regarding all Asserted Claims of '876 Patent during reexamination proceeding. The case is currently stayed pending the reexamination. (Dkt. No. 27.)

**STATUS OF THE PATENT OFFICE PROCEEDINGS: RGS'S POSITION**

The *ex parte* reexamination proceeding related to the '876 Patent remains pending. On March 22, 2024, the examiner issued a second Advisory Action terminating the reexamination proceeding and directing Patent Owner to file a petition for revival if it intends to continue prosecution of the reexamination. Patent Owner expects to timely file a petition for revival accompanied by a Notice of Appeal.

**STATUS OF THE PATENT OFFICE PROCEEDINGS: SALESFORCE'S POSITION**

The *ex parte* reexamination proceeding related to the '876 Patent is terminated with finally

1

rejected claims and this case should be dismissed with prejudice.

On October 19, 2022, the USPTO ordered reexamination of all Asserted Claims of '876 Patent as part of Application No. 90/015,113.[1] On April 4, 2023, the USPTO issued its first rejection, a non-final office action, requiring a response by June 5, 2023. On June 5, 2023, the applicant petitioned for an extension of time to respond to the April 4, 2023 office action. On June 6, 2023 the extension was denied for failure to show "sufficient cause" for the extension. In the denial of the extension, the USPTO terminated the proceeding. On June 14, 2023, the applicant petitioned for an extension. That Petition was granted on June 26, 2023.

On August 3, 2023, the USPTO issued its second rejection, a final office action. The final office action stated that "a shortened statutory period for response to this action is set to expire TWO (2) MONTHS from the mailing date of this action." (emphasis in original). The final office action also noted that all reexamination proceedings are to be "conducted with special dispatch within the Office." The final office action explained that "In no event, however, will the statutory period for response expire later than SIX MONTHS from the mailing date of the final office action" (August 3, 2023). (emphasis in original). Six months from August 3, 2023 was February 3, 2024.

The applicant filed a response to the final office action on September 28, 2023. The USPTO issued an Advisory Action on November 3, 2023. The Advisory Action maintained the rejection of all asserted claims, and noted that "Unless a timely appeal is filed, or other appropriate action by the patent owner is taken to overcome all of the outstanding rejection(s), this prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent

---

[1] The entire prosecution history of the reexamination is available at https://patentcenter.uspto.gov/applications/90015113/ifw/docs?application=

2

to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims or claims objected to, will be CANCELLED. THE PERIOD FOR RESPONSE IS EXTENDED TO RUN 6 MONTHS FROM THE MAILING DATE OF THE FINAL REJECTION." (emphasis in original). The final office action issued August 3, 2023. Six months from August 3, 2023 was February 3, 2024.

On February 5, 2024, the applicant filed another response to the final office action. On March 22, 2024, the USPTO issued another Advisory Action. The March 22, 2024 Advisory Action maintained the rejection of the claims and explained that the reexamination was terminated, and that "the period for response has expired and the Patent Owner has not filed an appropriate notice of appeal." (emphasis in original).

The standard to revive the terminated *ex parte* reexamination proceeding requires a showing of "unintentional delay." 37 C.F.R. 1.137(a).

As the *ex parte* reexamination is currently terminated, and the claims subject to reexamination are finally rejected without any timely notice of appeal, this case should be dismissed with prejudice.

Dated: March 29, 2024

Respectfully submitted,

*/s/ Neil A. Benchell*
Neil A. Benchell
Devlin Law Firm LLC
815 North Elmwood Avenue
Oak Park, Illinois 60302
Tel: (302) 351-4400
nbenchell@devlinlawfirm.com

*Attorneys for Plaintiff*
*Route Guidance Systems LLC*

*/s/ Erik Halverson*
Erik Halverson
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8238
erik.halverson@klgates.com

*Attorneys for Defendant*
*Salesforce, Inc.*